IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAURA SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-00326-SRB |
| ) | |
| CERNER CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Laura Scott's Motion to Remand (Doc. #6). Oral arguments were heard on August 26, 2015. For the reasons set forth herein, the Motion to Remand is GRANTED.

**I.    BACKGROUND**

On March 25, 2015, Plaintiff Laura Scott brought this action in the Circuit Court of Jackson County, Missouri, against Defendant Cerner Corporation on behalf of herself and all other similarly situated employees who currently work or previously worked as Delivery Consultant Analysts in the U.S. Consulting Group. (Doc #3, ¶2). Plaintiff alleges Defendant unlawfully failed to pay overtime wages in violation of Missouri's Minimum Wage Law ("MMWL").

On May 1, 2015, Defendant removed this action to federal court pursuant to 28 U.S.C. § 1332(d), which codifies portions of the Class Action Fairness Act ("CAFA"). On May 28, 2015, Plaintiff filed her Motion to Remand, arguing Defendant failed to satisfy the three jurisdictional elements necessary to impose CAFA jurisdiction, and even if CAFA was met, CAFA exceptions to federal jurisdiction apply. On June 11, 2015, Defendant provided information necessary to

establish it met CAFA jurisdiction requirements in its opposition. On July 29, 2015, Plaintiff asserted in her reply "[t]he sole remaining issue before the Court [] is whether the Court should exercise its discretion to remand this case based on the 'Interest of Justice Exception' to CAFA jurisdiction." (Doc. #14, P.1). On August 26, 2015, the Court heard oral arguments on this issue.

## II. LEGAL AUTHORITY

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2015). The party seeking removal bears the burden of establishing federal jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

"Under CAFA, federal district courts have original jurisdiction over class actions where there is 1) minimal diversity of citizenship among the parties; 2) there are at least 100 class members; and 3) the amount in controversy exceeds $5 million." City of O'Fallon, Mo. v. CenturyLink, Inc., 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013). "A defendant seeking to remove on CAFA grounds must establish by a preponderance of the evidence each of the three [] jurisdictional elements." Id. Once federal jurisdiction has been established, as is the case here, "the burden shifts to the [plaintiff] to establish that one of CAFA's express jurisdictional exceptions applies." Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 823 (8th Cir. 2010); Johnson v. MFA Petroleum Co., No. 11-0981-CV-W-DGK, 2013 WL 3448075, at *2 (W.D. Mo. July 9, 2013) (noting "[a] plaintiff seeking to remand a case to state court under one of [the]

exceptions bears the burden of proving the exception's applicability by a preponderance of evidence.").

"The district court can decline [CAFA] jurisdiction under three provisions: (1) the home state exception; (2) the local controversy exception; and (3) [the interests of justice exception]." Preston v. Tenet Healthsystem Mem'l Med. Ctr, Inc., 485 F.3d 804, 810 (5th Cir. 2007) (internal citations omitted). The district court "shall decline to exercise jurisdiction" if the home-state exception or the local controversy exception applies. 28 U.S.C. §§ 1332(d)(4)(A), 1332(d)(4)(B) (2015); City of O'Fallon, Mo. v. CenturyLink, Inc., 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013) (explaining "Congress has established two (2) mandatory exceptions to federal jurisdiction under CAFA: the home-state and local controversy exceptions") (internal quotations omitted); Johnson v. MFA Petroleum Co., No. 11-0981-CV-W-DGK, 2013 WL 3448075, at *2 (W.D. Mo. July 9, 2013) (noting "[w]hen one of these two narrow exceptions applies CAFA requires federal courts to decline jurisdiction over a proposed class action . . .") (internal quotations omitted). The home state exception requires the district court to decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. §1332(d)(4)(B); Curts v. Waggin' Train, LLC, No. 13-0252-CV-W-ODS, 2013 WL 2319358, at *3; Barricks v. Barnes-Jewish Hosp., No. 4:11-CV-1386 (CEJ), 2012 WL 3548038, at *1 (E.D. Mo. Aug. 16, 2012). The local controversy exception requires the district court to decline jurisdiction

    (A)(i) over a class action in which—

    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    (II) at least 1 defendant is a defendant—

    (aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons

28 U.S.C. § 1332(d)(4)(A); Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010); Johnson v. MFA Petroleum Co., No. 11-0981-CV-W-DGK, 2013 WL 3448075, at *2–3 (W.D. Mo. July 9, 2013). Neither the home-state nor local controversy exception applies here because, although Defendant is a Missouri citizen, less than two-thirds—only 61 to 64.8%—of the class members are Missouri citizens. (Doc. #14, P.2); Simon v. Blue Cross and Blue Shield of Kansas City, No. 14-0587-CV-W-ODS, 2014 WL 4425734, at *3 (W.D. Mo. Sept. 9, 2014) (finding an exception does not apply where Defendant is a Missouri citizen and 64.96% of the class members are Missouri citizens). However, the Court notes this observation to demonstrate how close this case is to triggering a mandatory obligation to refuse jurisdiction.

The third exception—the "interests of justice" exception—is at issue here. The "interests of justice" exception provides "[a] district court may in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" over a class action if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . [.]" 28 U.S.C. § 1332(d)(3) (2015); Simon v. Blue Cross and Blue Shield of Kansas City, No. 14-0587-CV-W-ODS, 2014 WL 4425734, at *3 (W.D. Mo. Sept. 9, 2014); Preston v. Tenet Healthsystem Mem'l Med. Ctr, Inc., 485 F.3d 804, 811 (5th Cir. 2007). The district court's

4

Case 4:15-cv-00326-SRB   Document 25   Filed 09/08/15   Page 4 of 10

decision is discretionary, and "Congress permit[s] the district court greater latitude to remand class actions to state court." Simon, 2014 WL 4425734 at *3. The district court must consider six factors in determining whether to decline jurisdiction:

> A. Whether the claims involve matters of national or interstate interest,
>
> B. Whether the claims will be governed by the laws of the state in which the action was originally filed,
>
> C. Whether the case has been pleaded in a manner designed to avoid federal jurisdiction,
>
> D. Whether the forum where the suit was brought has a "distinct nexus with the class members, the alleged harm, or the defendants,"
>
> E. "[W]hether the number of citizens of the State in which the action was originally filed . . . is substantially larger than the number of citizens from any other State" and whether "the citizenship of the other members is dispersed among a substantial number of States," and
>
> F. Whether another class action asserting these or similar claims was filed in the preceding three years.

Id.; Preston, 485 F.3d at 811.

### III. DISCUSSION

The Court will address each factor of the "interests of justice" exception in turn.

A. <u>National or Interstate Interest</u>

The first factor asks whether the case presents issues of national or interstate interest. "[U]nder CAFA, the terms local and national connote whether the interests of justice would be violated by a state court exercising jurisdiction over a large number of out-of-state citizens and applying the law of other states." Preston, 485 F.3d at 822. Defendant asserts this case involves a national or interstate interest because, although Cerner is a corporation with a substantial presence in Missouri, it is engaged in interstate commerce and does business through its Delivery Consultants throughout the United States. Defendant further contends putative class members

come from at least 34 different states and that federal wage and hour claims involve national implications. Plaintiff counters that because the "central hub of this case remains in Kansas City," the case has a more local than national nexus.

The case at issue is similar to Preston, where the 5th Circuit upheld the district court's decision to remand the case back to state court. Id. at 808. There, "[t]he factual scenario presented [] involve[d] two Louisiana businesses operating a local hospital during [Hurricane Katrina] destroying New Orleans and the compounded devastation of the local levee breach." Id. at 822. "The evacuation plans, building maintenance, and emergency care procedures [were] the work product and property of these local entities." Id. The district court found the class action lawsuit did not involve a national or interstate interest under the statute, explaining in part that just because people beyond the locality had an interest in the outcome did not override that the facts at issue were focused locally in Louisiana. Id.

Here, the facts at issue are primarily located in the Kansas City region. Defendant is headquartered in North Kansas City, Missouri, and the majority of the class members reside in the Kansas City region—where class members were trained, where upper management resides, where Defendant's Human Resources Department is located, and where Defendant made its decisions regarding overtime exempt status. Because the alleged acts that led to the harm primarily lie in Missouri, the Court finds this case does not implicate a national or interstate interest.

B. Governing Law

The second factor looks to "[w]hether the claims will be governed by the laws of the state in which the action was originally filed." Simon, 2014 WL 4425734 at *3. Plaintiff asserts a claim under the Missouri Minimum Wage Law. (Doc. #1, ¶3). Defendant argues Missouri law

will not entirely govern Plaintiff's claim because "[Plaintiff's] [] claim depends on whether she can show she was misclassified as exempt from the overtime requirements of federal law." (Doc. #8, P.8; Doc. #20, P.2). Defendant bases its argument in the Missouri statute's express text, which states "this section shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq . . . [.]" Mo. Rev. Stat. § 290.505 (2014).

The question is not whether federal law will be instructive in determining state law. Rather, the question is "whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States." 28 U.S.C. § 1332(d)(3)(B) (2015); Simon, 2014 WL 4425734 at *5 (finding the court should decline jurisdiction under this factor because "Missouri law [would] control the majority—if not the entirety—of the issues in [the] case, and . . . it makes more sense to permit a Missouri state court to resolve [those] issues"). Defendant does not argue other states' laws must be construed. Plaintiff asserts a Missouri claim pursuant to a Missouri statute that references the federal Fair Labor Standards Act. Taken literally, 1332(d)(3) requires this Court to determine if other state's laws will be involved, which they will not. Thus, the second statutory factor weighs in favor of remand.

    C.  <u>Pleading to Avoid Federal Jurisdiction</u>

The third factor asks whether the case has been pleaded in a manner designed to avoid federal jurisdiction. Defendant argues Plaintiff deliberately omitted a federal claim under the FLSA, which provides Plaintiff a longer statute of limitations period than the two-year limitation applicable to her state claims and easier class certification. Plaintiff asserts a good faith basis for pleading her MMWL claim because "she believed and understood that all class members were headquartered in, and resided in, Missouri at the time they were employed as Delivery Consultants." (Doc. #14, P.5). "Federal courts [] give considerable deference to the plaintiff's

**7**

choice of forum." Osment Model Trains, Inc. v. Mike's Train House, Inc., No. 09-4189-CV-C-NKL, 2010 WL 386182, at *1 (citing Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997)); Bomkamp v. Hilton Worldwide, Inc., No. 4:13-CV-1569 CAS, 2014 WL 897368, at *7 (E.D. Mo. Mar. 6, 2014). Without more evidence to support Defendant's argument, the Court gives deference to the Plaintiff's forum selection. This factor does not weigh in favor of maintaining federal jurisdiction.

   D.  Forum's Nexus to Class Members, Alleged Harm, and Defendant

The fourth factor asks whether the forum where the suit was brought has a "distinct nexus with the class members, the alleged harm, or the defendants." 28 U.S.C. § 1332(d)(3)(D) (2015). "[T]his factor's purpose [] is to further insure that Missouri's connection is substantially greater than that of any other state's connection." Simon, 2014 WL 4425734 at *6.

Defendant claims Missouri does not have a "distinct nexus" because 42% of the class members are not Missouri citizens and Cerner does business through its Delivery Consultants throughout the United States. However, during oral arguments on Plaintiff's Motion to Remand, Defendant did not deny there is a nexus to Missouri. Further, Plaintiff points out "Missouri is the location where the alleged unlawful acts were carried out, where the Defendant resides, and where the class members were trained, employed, and managed," and where the exemption classification decisions were made. (Doc #6, P.5). These circumstances indicate a clear nexus between the Defendant and Plaintiff's forum selection in Missouri and favor remand.

   E.  Comparison of the Number of Citizens Inside and Outside the Forum and Dispersal
       of Class Members

The fifth factor asks "[w]hether the number of citizens of the State in which the action was originally filed . . . is substantially larger than the number of citizens from any other State"

and whether "the citizenship of the other members of the proposed class is dispersed among a substantial number of States." 28 U.S.C. § 1332(d)(3)(E) (2015). Again, this factor's purpose (like the prior one) "is to further insure that Missouri's connection is substantially greater than that of any other state's connection." Simon, 2014 WL 4425734 at *6.

Defendant emphasizes "[t]he putative class in this case [] includes individuals who reside in at least 34 different states." (Doc. #8, P.9). However, the parties agree approximately 61% of the class are currently Missouri residents. The next highest number of residents from another state is around 17.5%. (Doc. #14, P.6). Those 17.5% reside in Kansas, presumably working in the Kansas City region. As the Court previously mentioned, the percentage of Missouri citizens comes close to triggering the Court's mandatory obligation to refuse jurisdiction when two-thirds of the class members and defendant are Missouri citizens. 28 U.S.C. § 1332(d)(4) (2015). The Court concludes the number of Missouri class members is substantially larger than the number of citizens from other states, and a significant number of class members are concentrated in Missouri.

F. Previous Suits

The final factor looks to whether another class action asserting the same or similar claims was filed in the preceding three years. Defendant claims the Boderocco case is a similar and related case in the Western District of Missouri because, like the case at hand, it presents a wage and hour case against Cerner involving overtime. Boderocco v. Cerner Corp., No. 4:15-cv-00144-DW (W.D. Mo. 2015). Despite these similarities, Plaintiff notes this class action involves different Cerner departments, different job duties, different job titles, and different class periods. The Court finds there is not another class action asserting the same or similar claim, and this factor favors remand.

9

Case 4:15-cv-00326-SRB   Document 25   Filed 09/08/15   Page 9 of 10

## IV. CONCLUSION

Although federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Court exercises its discretion to decline jurisdiction over the case pursuant to the "interests of justice" exception in 28 U.S.C. § 1332(d)(3). Accordingly, it is hereby ORDERED Plaintiffs' Motion to Remand is GRANTED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2015